**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 22 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| GUILLERMO ANDRADE FRANCES, AKA Guillermo Andrade,<br><br>Petitioner,<br><br>v.<br><br>JEFF B. SESSIONS, Attorney General,<br><br>Respondent. | No.   15-73235<br><br>Agency No. A206-406-329<br><br>MEMORANDUM *  |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2017**

Before:     GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Guillermo Andrade Frances, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") final order of removal.  We review for abuse of

discretion the denial of a continuance and review de novo claims of due process

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

violations. *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion or violate due process in not granting Andrade Frances a continuance to obtain counsel, where after granting a two week continuance, the IJ asked Andrade Frances if he wished to contact additional attorneys or to represent himself, and Andrade Frances stated he wished to represent himself and did not request a continuance. *See Biwot v. Gonzales*, 403 F.3d 1094, 1098-99 (9th Cir. 2005) (IJ must provide alien with reasonable time to locate counsel, but absent a showing of clear abuse, the court will typically not disturb the decision not to continue a hearing); *Montes-Lopez v. Holder*, 694 F.3d 1085, 1088-89, 1094 (9th Cir. 2012) (denial of counsel can violate the Fifth Amendment, but an IJ need not continue hearings indefinitely for an alien to find counsel).

We lack jurisdiction to consider Andrade Frances' unexhausted contentions regarding knowing and voluntary waiver of his right to counsel and the IJ's explanation of procedures. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (court lacks jurisdiction to review the merits of a legal claim not presented in administrative proceedings below).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

15-73235